IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| § | CASE NO. 6:21-CR-00007-JDK-JDL |
| vs. § | |
| § | |
| § | |
| ISRAEL DE LA ROSA (12) § | |

REPORT AND RECOMMENDATION
ON REVOCATION OF SUPERVISED RELEASE

On April 7, 2025, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Lucas Machicek. Defendant was represented by Assistant Federal Defender Ken Hawk.

*Background*

After pleading guilty to the offense of Possession with the Intent to Distribute Methamphetamine, a Class C felony, Defendant Israel De La Rosa was sentenced on July 27, 2022, by United States District Judge Jeremy D. Kernodle. The offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 19 and a criminal history category of III, was 37 to 46 months. The Court sentenced Defendant to an imprisonment term of 37 months, followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, substance abuse testing and treatment, and GED requirement. Defendant completed his term of imprisonment and started his term of supervised release on November 18, 2024.

*Allegations*

In the First Amended Petition seeking to revoke Defendant's supervised release, filed on January 31, 2025, United States Probation Officer Michelle Neubauer alleges that Defendant violated the following condition of supervised release:

1. **Allegation 1 (mandatory condition 1): The defendant must not commit another federal, state, or local crime.** It is alleged that Defendant committed the new on-sight offense of Assault Causes Bodily Injury Family Member, a Class A Misdemeanor, on or around December 7, 2024, in Anderson County, Texas.

2. **Allegation 2 (mandatory condition 1): The defendant must not commit another federal, state, or local crime.** It is alleged that Defendant committed the offense of Public Intoxication, a Class C Misdemeanor, on or around December 7, 2024, in Anderson County, Texas.

3. **Allegation 3 (special condition): The defendant must live at a place approved by the probation officer. If the defendant plans to change where he lives or anything about his living arrangements (such as the people he lives with), he must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, he must notify the probation officer within 72 hours of becoming aware of a change or expected change.** It is alleged that Defendant was not living at his approved residence in Palestine, Texas, beginning on or around January 24, 2025, and he did not have permission from the probation officer to move.

4. **Allegation 4 (special condition): As directed by the U.S. Probation Office, the defendant is to be placed on a curfew for a period of 180 days, to commence immediately. The defendant is restricted to his residence every day from 10:00 p.m. to 6:00 a.m., or as directed by the probation officer for employment purposes and/or program compliance. The defendant shall follow all the program rules. At the direction of the probation office, the defendant must wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer. The defendant is to pay the cost associated with the electronic monitoring program.** It is alleged that since Defendant's release from custody on January 23, 2025, he has failed to make himself available to install his electronic monitoring device.

### Applicable Law

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class C felony. Accordingly, the maximum imprisonment sentence that may be imposed is 2 years. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by committing the offenses of Assault Causes Bodily Injury Family Member or Public Intoxication, moving from his approved residence without permission, or failing to make himself available to install the electronic monitoring device, as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1.(a). Defendant's original criminal history category was III. The guidelines provide that Defendant's guideline imprisonment range for a Grade C violation is 5 to 11 months.

### Hearing

On April 7, 2025, Defendant appeared for a final revocation hearing. Assistant United States Attorney Lucas Machicek announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 4 of the petition and to jointly request

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

a sentence of imprisonment for a term of 11 months with no further term of supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 4 of the petition. Defendant requested a recommendation to the Bureau of Prisons to confine him at FCI Seagoville.

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 4 of the petition is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to imprisonment for a term of 11 months with no further term of supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

### **RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 4 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to imprisonment for a term of 11 months with no further term of supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant at FCI Seagoville.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights

and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to imprisonment for a term of 11 months with no further term of supervised release.

So ORDERED and SIGNED this 7th day of April, 2025.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE